IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CLEVON M. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:11-cv-00379-NKL |
| | ) |
| THE VALSPAR CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

On April 8, 2011, Defendants The Valspar Corporation ("Valspar"), Philip S. Daley, Nathalie Riling, and Brad DeBarge filed a timely notice to remove this case pursuant to 28 U.S.C. §§ 1332, 1441, 1446. [Doc. # 1]. Defendants allege this Court has jurisdiction because Plaintiff Clevon M. Jones ("Jones"), a Missouri citizen, fraudulently joined Daley, a Missouri citizen, in order to destroy diversity. Pending before the Court is Jones's Motion to Remand, claiming the Court lacks subject-matter jurisdiction because the joinder is valid and that there is not complete diversity. [Doc. # 6]. In his motion, Jones also requests attorney's fees. For the following reasons, the Court grants in part and denies in part Jones's motion.

1

## I. Background

The following facts are taken from Jones's Complaint [Doc. # 1-2], which was filed in the Circuit Court of Clay County, and Jones's Suggestions in Support of his Motion to Remand [Doc. # 7], and are assumed true for purposes of this motion.

Jones filed suit against Defendants pursuant to the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§ 213.010-.137, alleging unlawful employment-related discrimination. Jones is a resident of Jackson County and a former employee of Valspar. Valspar is a Delaware corporation that maintains an office in Clay County. During Jones's employment at Valspar, Daley was the manager of Valspar's Clay County plant, Riling was the human resources executive at that plant, and DeBarge was a plant supervisor.

Defendants hired Jones on May 16, 2008. On October 23, 2008, Defendants laid off both Jones, who is African-American, and a white employee, Marshall Blue, who had less work experience and seniority than Jones. Jones then applied for another position at Valspar for which he was qualified. On July 26, 2010, Blue was rehired by Defendants while Jones was not. Jones alleges his race was a contributing factor in Defendants' decision to refuse to rehire him and that Defendants' actions were thus malicious toward him and taken in reckless disregard of his statutory rights. Jones filed a timely Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR"), which only named Valspar. On December 13, 2010, the MCHR issued Jones a Notice of Right to Sue under the MHRA.

Jones asserts that Valspar is an employer within the meaning of § 213.010(7). Jones additionally contends that Defendants all shared a substantial identity of interest and that because Defendants Daley, Riley, and DeBarge acted directly in the interest of Valspar, each was also an "employer" under the MHRA, rendering them vicariously liable. Jones claims that as a direct and proximate result of Defendants' unlawful violation of his rights, he has suffered substantial damages including but not limited to: past and future income and benefits, mental and emotional distress, harm to reputation, and actual damages. Jones requests prejudgment interest on his actual damages, punitive damages, and attorney's fees, as well as costs and expenses.

Defendants argue that removal was proper under 28 U.S.C. §§ 1332, 1441, and 1446 because the matter in controversy exceeds $75,000 and Jones' fraudulent joinder of Daley should not destroy diversity. Defendants assert the joinder was fraudulent because Jones did not name Daley in his Charge of Discrimination, and therefore Jones failed to exhaust his administrative remedies under the MHRA with respect to his claims against Daley. Jones argues in his pending Motion to Remand that incomplete diversity exists here because failing to name Daley in his Charge of Discrimination is not fatal to his claim under Missouri law, and therefore the joinder of Daley is valid. Additionally, Jones requests attorney's fees pursuant to 28 U.S.C. §1447(c), which he alleges were incurred as a result of the improper removal of this action.

## II. Discussion

Defendants, who seek removal and oppose remand, bear the burden of establishing federal jurisdiction. *In re Business Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). A district court is required to resolve all doubts about federal jurisdiction in favor of remand. *See id.* at 183; *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

### A. Whether Joinder of Daley was Fraudulent

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). "Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* Jones's MHRA claim is founded on state law, and as such this Court does not have original jurisdiction. However, as Defendants invoke diversity jurisdiction to remove the action to this Court, the relevant inquiry now before the Court is whether Daley is properly joined.

Jones's Charge of Discrimination, which he filed *pro se*, alleged racial discrimination only against Valspar; Daley was neither named as a party in the caption of the Charge, nor did the factual allegations reference him. Defendant argues that Jones's failure to name or reference Daley in the Charge precludes Jones's claim against Daley under Missouri law, and as such, Daley's joinder is fraudulent.

4

"Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003). However, "the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Id.* at 811. While in making such a prediction the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor, the court has no responsibility to definitively settle the ambiguous question of state law. *Id.* The better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide. *Id.*

The MHRA provides:

> Any person claiming to be aggrieved by an unlawful discriminatory practice may make, sign and file with the commission a verified complaint in writing, . . . which shall state the name and address of the person alleged to have committed the unlawful discriminatory practice and which shall set forth the particulars thereof and such other information as may be required by the commission.

Mo. Rev. Stat. § 213.075.1. The Missouri Code of State Regulations also requires the Charge of Discrimination to "state facts supporting the allegations of unlawful discriminatory practice and the person against whom the complaint is filed." Mo. Code Regs. Ann. tit. 8 § 60-2.025(2). The MHRA further provides that the MCHR "shall issue to the person claiming to be aggrieved a letter indicating his or her right to bring a civil action within ninety days of such notice against the respondent named in the complaint." Mo. Rev. Stat. § 213.111(1). The regulations define "respondent" as "a person against

5

whom a complaint has been filed in accordance with the Act and these rules." Mo. Code Regs. Ann. tit. 8 § 60-2.015(1)(L).

However, "[b]ecause persons filing charges with the [administrative agencies] typically lack legal training, those charges must be interpreted with the utmost liberality in order not to frustrate the remedial purposes of [the statute]." *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988). Additionally, under Missouri law, "[t]he MHRA permits suit to be brought against supervisory employees . . . not just against the company itself, and the failure to make him a party at the administrative action before the . . . MCHR will bar suit against him only if it resulted in prejudice." *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 662 (Mo. 2009) (en banc). Since the Missouri Supreme Court has described circumstances in which a trial court should allow a defendant to be sued even if the defendant was not named in the administrative complaint, the determination of whether the suit should be dismissed must be made by a Missouri court in connection with a summary judgment motion and a complete evidentiary record. *See Johnson v. Durham D & M, L.L.C.*, No. 09-00502-CV-W-HFS, 2009 WL 2581265, *1 (W.D. Mo. Aug. 19, 2009); *Sinderson v. Bayer CropScience, LP*, No. 09-0693-CV-W-FJG, 2009 WL 4893201, *3 (W.D. Mo. Dec. 10, 2009).

Despite the foregoing, Defendants argue that this Court should instead follow the holding in *Borders v. Trinity Marine Prods., Inc.*, No. 1:10CV146 HEA, 2010 WL 5139343, *2 (E.D. Mo. Dec. 9, 2010) (citing *Hill*, 277 S.W.3d at 669-70). In that case, the court used a four-factor test, promulgated by the Third Circuit and adopted by the *Hill*

court, to analyze whether there is a "substantial identity of interest" between the parties sued and those actually named in the administrative charge in order to determine whether joinder was proper. Using that test, the *Borders* court denied remand based on a finding of fraudulent joinder under the facts of that case. However, *Hill* was also issued before both *Johnson* and *Sinderson* and the Court finds those cases persuasive. This Court declines to adopt the four-factor "substantial identity of interest" test because the Eighth Circuit in *Filla* mandated that the Court's inquiry is limited only to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved, not to definitively settle the ambiguous question of state law. The *Borders* court did not consider the limited inquiry of district courts as required by *Filla*.

In light of the Court's responsibilities as outlined in *Filla*, the Court resolves all facts and ambiguities in the current controlling substantive law in the plaintiff's favor, and finds there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. In fact, the Court predicts that consistent with prior Missouri precedent, the Missouri Court is unlikely to dismiss Plaintiff's claim against Daley

Because there is incomplete diversity in this suit, the Court lacks subject matter jurisdiction and remand is proper.

**B.     Attorney's Fees**

The Court next considers whether Jones should be awarded attorney's fees under 28 U.S.C. § 1447(c), which provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Defendant argues that fees should be denied in this case since they had an objectively reasonable basis for seeking removal because some Missouri federal courts have either denied remand or dismissed individual defendants based on a finding of fraudulent joinder. Though the Court remands this action, it nonetheless finds that Defendants had a reasonable basis for removing this case, such that the Court does not order attorney's fees to Jones..

## III. Conclusion

For the foregoing reasons, it is hereby ORDERED that Jones's Motion to Remand [Doc. # 6] is GRANTED in part and DENIED in part. The matter is remanded to the Clay County Circuit Court, but attorney's fees are denied.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: August 3, 2011  
Jefferson City, Missouri